**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Demon Echols,

Defendant.

Crim. No. 02-3(2) (ADM/SRN)

**MEMORANDUM AND ORDER**

---

This matter is presently before the Court on Defendant's self-styled submission entitled "First Amendment Petition." (Docket No. 99.) Defendant is asking the Court to vacate his conviction in this matter, because he allegedly was deprived of his constitutional right to effective assistance of counsel during the pre-trial and trial stages of this case, (which occurred in 2002). Defendant contends that his attorney entered into certain stipulations without Defendant's consent, and thereby waived certain potentially viable defenses.

Defendant's current "Petition" must be summarily denied without reaching the merits of his claims, because he cannot collaterally attack his conviction and sentence by the means he is attempting to use. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Defendant cannot circumvent this rule simply by presenting his collateral challenge as a "First Amendment Petition," rather than a § 2255 motion.

Under different circumstances, a submission like the one now before the Court could be treated and entertained as a motion brought under 28 U.S.C. § 2255, even though Defendant has called it something else. See Castro v. United States, 540 U.S. 375, 381-382 (2003) ("Federal courts

sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.... They may do so in order to... create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.") Here, however, it would serve no useful purpose to treat Defendant's "First Amendment Petition" as a § 2255 motion, because Defendant is barred from seeking relief under § 2255, by reason of the one-year statute of limitations that applies to motions brought under that statute.

28 U.S.C. § 2255(f)(1) requires that collateral challenges to a federal criminal conviction or sentence normally must be brought within one year after the conviction becomes final.[1] In this case, Defendant's conviction became final when it was upheld on direct appeal and the deadline for seeking certiorari review expired. See Clay v. United States, 537 U.S. 522, 532 (2003) ("for federal criminal defendants who do not file a petition for certiorari ... on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires"). The Eighth Circuit Court of Appeals affirmed Defendant's conviction on direct appeal on October 14, 2003, (United States v. Echols, 346 F.3d 818 (8th Cir. 2003)), and the deadline for seeking certiorari review expired 90 days later, on January 12, 2004. (See Sup. Ct. R. 13.1.) The statute of limitations deadline for filing a § 2255 motion in this case expired one year later, on January 12, 2005. However, Defendant did not file his current "First Amendment Petition" until 2008. Therefore, if Defendant's "First Amendment Petition" were construed to be a § 2255 motion, (which is the only available remedy

[1] There are some exceptions to this general rule, (see 28 U.S.C. § 2255(f)(2) - (4)), but none of those exceptions is applicable here.

for raising a collateral challenge to his conviction), the motion would clearly be time-barred.

In sum, Defendant's current "First Amendment Petition" presents a collateral challenge to his conviction and sentence in this case. Such challenges, however, can only be brought under 28 U.S.C. § 2255. If Defendant's conviction could still be reviewed under § 2255, his current submission could be treated as a § 2255 motion, and his ineffective assistance of counsel claims could then be considered. However, it is now much too late for Defendant to seek relief under § 2255, because the applicable one-year statute of limitations expired more than three years before he filed his current "Petition." Defendant cannot evade the § 2255 statute of limitations just by calling his application for post-conviction review a "First Amendment Petition." Simply put, it is now too late for Defendant to seek post-conviction relief, regardless of how he labels his request for such relief.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Defendant's "First Amendment Petition," (Docket No. 99), is DENIED.

Dated: September __16__, 2008

s/Ann D. Montgomery

ANN D. MONTGOMERY
United States District Court Judge