UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

  v.                                                                           **ORDER**
                                                                    Criminal No. 02-03(2) ADM/SRN
De'Mon Echols,                                      Civil No. 16-1056 ADM

    Defendant.

_____

Nathan P. Petterson, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

James S. Becker, Esq., Assistant Federal Defender, Office of the Federal Defender, Minneapolis, MN, on behalf of Defendant.

_____

      This matter is before the undersigned United States District Judge pursuant to Defendant De'Mon Echols' Motion to Vacate under 28 U.S.C. § 2255 [Criminal Docket No. 145].[1] Echols challenges his 346-month sentence in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), striking down the residual clause of the Armed Career Criminal Act ("ACCA") as being unconstitutionally vague. The Supreme Court recently held that Johnson announced a substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

      Echols was convicted following a jury trial in 2002 of: (1) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(e); (2) aiding and abetting carjacking, in violation of 18 U.S.C. § 2119; and (3) carrying a firearm during and in

---

[1] Because Echols previously brought a § 2255 motion, he sought and received leave from the Eighth Circuit Court of Appeals to file this successive § 2255 motion. See J. USCA [Criminal Docket No. 141].

relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  He was sentenced to a total term of 346 months imprisonment, which included an enhancement under the ACCA based on the Court's finding that his criminal history included three prior convictions that qualified as predicate offenses.

Echols argues, and the Government concedes, that one of the prior convictions on which his sentencing enhancement was based qualifies as a predicate offense only under the now-invalidated residual clause of the ACCA.  With only two predicate offenses, Echols is no longer properly classified as an armed career criminal.  This has a significant effect on the statutory penalties he faces.  As an armed career criminal, Echols was subject to a 15-year mandatory minimum penalty for the felon-in-possession count.  18 U.S.C. § 924(e)(1).  He was sentenced to 262 months imprisonment for that count.  Without the armed career criminal enhancement, that same count carries no mandatory minimum and has a 10-year statutory maximum.  18 U.S.C. § 924(a)(2).  Because the 262-month sentence imposed exceeds the 120-month maximum sentence made applicable by the change of law resulting from <u>Johnson</u>, Echols must be resentenced.

The Court notes that Echols' underlying convictions in this case, which were affirmed on direct appeal, are not affected by this motion.  Only his sentence is at issue, and only with respect to the felon-in-possession count.  Accordingly, Echols will remain in custody pending resentencing.  Although the Court is granting his § 2255 motion, his sentence will not be vacated until the time of resentencing.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant De'Mon Echols' Motion to Vacate under 28 U.S.C. § 2255 [Criminal Docket No. 145] is **GRANTED** to the extent it challenges his designation as an

armed career criminal;

2. Echols shall be resentenced at a hearing scheduled for July 21, 2016 at 10:00 A.M.; and

3. Echols shall remain in the custody of the Bureau of Prisons pending resentencing.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 7, 2016.