UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.

Demon Echols,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 02-03(2) ADM/SRN

Demon Echols, pro se.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Demon Echols' ("Echols") pro se Motion for Compassionate Release [Docket No. 161] under 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

Echols was convicted following a jury trial in 2002 of: (1) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(e); (2) aiding and abetting carjacking, in violation of 18 U.S.C. § 2119; and (3) carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Verdict [Docket No. 65]. He was sentenced to a term of 210 months. Resentencing J. [Docket No. 157].

Echols is currently in custody at the Residential Reentry Center ("RRC") in Minneapolis, Minnesota. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Dec. 18, 2020). His projected release date is December 27, 2020. Id.

Echols, age 58, now asks the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that extraordinary and compelling reasons warrant his immediate

release or release to home confinement because he is concerned about contracting COVID-19 at the RRC.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 comment n.1(A)(ii).  "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of th[e] policy statement."  U.S.S.G. § 1B1.13 comment n.3.  The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).

When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility."  United States

v. Miland, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); accord United States v. Ramirez, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020).  Here, Echols does not state that he suffers from any medical condition, much less one that makes him particularly susceptible to COVID-19.  The Court thus finds that Echols has not demonstrated extraordinary and compelling reasons warranting compassionate release.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Demon Echols' pro se Motion for Compassionate Release [Docket No. 161] is **DENIED.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: December 18, 2020

3